**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>MORAN INDUSTRIES, INC.,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td>Civil Case No.: SAG-25-2837</td></tr>
<tr><td>v.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>TURBO TINTS & TAGS,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Defendant.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

*     *     *     *     *     *     *     *     *     *

**<u>MEMORANDUM OPINION</u>**

In this trademark infringement case, Plaintiff Moran Industries, Inc. ("Moran") seeks default judgment against Defendant Turbo Tints & Tags ("Turbo"). ECF 15. Turbo has not filed an opposition. This Court has reviewed the record, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Because Turbo has not been properly served with process, the motion will be denied.

Any party seeking default has an uphill battle, as the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Moreover, any judgment entered without proper service is void for lack of personal jurisdiction. *See Pennoyer v. Neff*, 95 U.S. 714, 732–33 (1878) (finding that enforcement of a judgment where the property owner did not receive reasonably calculated notice of the action was insufficient to meet requirements of Constitutional Due Process).

In this case, the return of service shows that Monroe served Turbo by hand-delivering the summons and complaint, with various attachments, to an office in Clinton, Maryland. ECF 10 at 2. The documents were left with an unidentified employee who would not give his name and

simply directed the process server to "leave the documents at the front desk." *Id*. The owner was not present. *Id.*

That form of service does not comply with Federal Rule of Civil Procedure 4(h)(1) or Maryland Rule 2-124 for service of process on a corporation. Rule 4(h) requires service either as permitted by Maryland law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." In Maryland, "Service is made upon a corporation, incorporated association, or joint stock company by serving its resident agent, president, secretary, or treasurer. If the corporation, incorporated association, or joint stock company has no resident agent or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." Md. Rule 2-124(d).

Here, Moran has not identified the "John Doe" who told the process server to leave the documents at the front desk, in order for this Court to determine whether he is the proper recipient of service for Turbo. In the absence of any showing of proper service or actual notice to Turbo of this lawsuit, this Court will not grant default judgment. Moran will be afforded one final opportunity to obtain a new summons and to serve Turbo in compliance with the applicable rules for service of process.

For the reasons stated above, Moran's motion for default judgment, ECF 15, is denied. Moran is afforded one final period of sixty days to obtain a new summons for Defendant Turbo and to effect service in accordance with the applicable Federal Rule or Maryland Rules governing service of process on a corporation. A separate Order follows.


Dated: June 15, 2026                                          _____/s/_____
                                                              Stephanie A. Gallagher
                                                              United States District Judge